WINBERRY *v.* MITCHELL.

4-3182

Opinion delivered December 4, 1933.

*Bush & Bush*, for appellant.

*Wade Kitchens* and *W. H. Kitchens, Jr.*, for appellee.

SMITH, J. Appellee, plaintiff below, brought suit in ejectment to recover possession of a certain tract of land, described by metes and bounds. The cause was by consent transferred to equity, where a decree was rendered awarding her possession of the land.

The plaintiff, who is the grand aunt of appellant, the defendant, is a childless widow, seventy-seven years old. She was living on the land in question, and agreed with defendant to will him this land and all other property owned by her upon the consideration recited as follows: "It is agreed by all the parties concerned herein that I am to live with said B. G. Winberry as one of the family as long as I shall live, and, in consideration of the provisions of this will, I am to be furnished with suitable clothing and food and medical attention by him, and to be treated with kindness and humane consideration, as one of the family."

Pursuant to this contract, defendant, with his wife, moved into plaintiff's home, and has since resided there, and he states, in his brief, his right to retain possession of the land here sued for as follows: "Plaintiff made a will, by the terms of which she devised and bequeathed to the defendant the lands on which he now resides, and that, as a consideration to plaintiff for said provision in said will, defendant agreed to live in the house with plaintiff and to wait upon her so long as she should live; that defendant has complied with all the terms of his contract with plaintiff, but that plaintiff has been induced to attempt to cancel said contract, although defendant has at all times complied with and performed his contract with plaintiff; that plaintiff, without cause, left said farm, and that defendant is ready and willing to perform said contract; that defendant has a vested interest in said farm lands and residence, and is entitled to possession thereof."

The decree contains the recital of fact, as found by the court, "that defendant breached each and every condition of his alleged contract, and of the will," and, upon this finding and decree, it was ordered that a writ of possession issue in plaintiff's favor. This appeal is from that decree.

Defendant offered testimony to support the allegations of his answer, set out above; but we have no hesitancy in saying that the finding of fact by the chancellor is not contrary to the preponderance of the evidence.

The conduct of defendant indicates that he was under the impression that he had the present possession, and even ownership, of the property which he was to acquire by the will of his grand aunt upon her death, if and when he had performed the conditions which his contract with her imposed and required. He tore down a rent house without plaintiff's permission. He appears to have collected certain rents for which he did not account, and he borrowed money which he did not repay. The principal loan was for $200, which defendant says was largely used in repairing the family residence, but plaintiff was not consulted, and did not direct that the repairs be made.

Plaintiff bought and cooked her own food, but defendant says she did this from choice. She lived in one room of the house, where she cooked, ate and slept, and appears to have spent most of her time alone, and she was frequently left alone at home all day. On one very cold day she was left at home without a fire or fuel to make one, and suffered greatly from the cold. Plaintiff bought her own food and medicines as long as her money lasted. She testified that defendant wanted to "boss" her, and that, when he would not surrender the home to her, she left in August, 1931, and later brought this suit to recover possession.

The testimony shows that defendant was not cruel to plaintiff; on the contrary, he treated her kindly, but this was not all his contract required. He admits that he did not furnish or prepare food for the plaintiff, but testified that she was to buy her own food and clothing "as long as her money lasted," and that it was not exhausted when she left. But the contract did not so provide. She was entitled, under the contract, "to be treated with kindness and humane consideration as one of the family," this being the consideration for the contract, and, as there has been a failure of consideration, the contract ceases to be effective. The spirit of this contract was not merely that plaintiff should have her food and clothing and medical attention, which the testimony showed was not furnished her, but that she should be received into and treated as a member of the family, and not be required to spend her time in the solitude of her own room. The testimony shows that she not only did this, but that the defendant forbade her nephew and niece from visiting her. Under these circumstances, it is immaterial that he did nothing positively unkind or rude or uncivil, and the decree of the court must therefore be affirmed.

As has been said, the property sought to be recovered was described by metes and bounds, and it appears that it was not correctly described in the complaint and in the decree, but, as there is no question about the identity of the property in litigation, the description will be amended to correctly describe the property, and the court below will be directed to amend the decree so to do. It is so ordered.